# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

ERIC DE'JUAN JONES                                                    PLAINTIFF

v.                                   CIVIL ACTION NO. 2:19-CV-118-KS-MTP

RICHARD BROWNING, *et al.*                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court rules as follows:

- The Court **grants** the Motion to Dismiss [18] filed by the Mississippi Bureau of Narcotics;

- The Court **grants** the Motion for Judgment on the Pleadings [21] filed by Defendant Trisch Stafford;

- The Court **grants** the Motion for Judgment on the Pleadings [23] filed by the Jefferson Davis County Sheriff's Department;

- The Court **grants** the Motion for Judgment on the Pleadings [25] filed by the Lamar County Sheriff's Department;

- The Court **grants** the Motion to Dismiss filed by Brookhaven Newsmedia, LLC [41]; and

- The Court **grants in part and denies in part** the Motion for Judgment on the Pleadings [44] filed by the Town of Prentiss, Mississippi, Joseph Bullock, and Richard Browning. The Court denies the motion as to Plaintiff's slander claim against Defendant Bullock individually, but the Court grants it in all other respects.

### I. BACKGROUND

Plaintiff, a pro se litigant, alleges that law enforcement officers executed a search warrant on his home in July 2019 and seized his property. He also alleges that

he was arrested, charged with possession of a controlled substance with intent to distribute, and incarcerated after the search. His pleading is a jumble of disconnected factual allegations and legal jargon, but he apparently contends that the law enforcement Defendants violated numerous constitutional rights in their execution of the search and arrest. He also claims that a nurse at the correctional facility violated his constitutional rights by failing to provide him with adequate medical care. Finally, he asserted several claims against a local newspaper arising from its publication of allegedly defamatory statements about him. Several Defendants filed motions to dismiss and/or motions for judgment on the pleadings, which the Court now addresses.

## II. STANDARD OF REVIEW

Motions for judgment on the pleadings under Rule 12(c) and motions to dismiss for failure to state a claim under Rule 12(b)(6) are subject to the same standard of review. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.*

2

Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. DISCUSSION

#### A. *Mississippi Bureau of Narcotics – Motion to Dismiss [18]*

First, the Mississippi Bureau of Narcotics ("MBN") argues that it enjoys sovereign immunity from liability against Plaintiff's claims against it under 42 U.S.C. §§ 1983 and 1985. The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. This amendment protects states from being sued in federal court for damages. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 276 (5th Cir. 2005). But the protection is not absolute. *Id.* First, states can waive their sovereign immunity. *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 451 (5th Cir. 2005). Second, "Congress may abrogate state sovereign immunity pursuant to the enforcement power conferred by § 5 of the Fourteenth Amendment." *Id.*

MBN is correct. Congress did not abrogate the states' sovereign immunity from suit under §§ 1983 and 1985. *Price v. Shorty*, 632 F. App'x 211, 212 (5th Cir. 2016)

3

(citing *Quern v. Jordan*, 440 U.S. 332, 345, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979); *Early v. S. Univ. & Agric. & Mech. College Bd. of Supervisors*, 252 F. App'x 698, 700 (5th Cir. 2007)); *see also Hines v. MDOC*, 213 F.3d 366 (5th Cir. 2000). Moreover, Mississippi has not waived its sovereign immunity. *See, e.g.* MISS. CODE ANN. § 11-46-5(4); *Moore v. Univ. of Miss. Med. Ctr.*, 719 F. App'x 381, 387-88 (5th Cir. 2018). Therefore, the Court grants MBN's motion to dismiss Plaintiff's § 1983 and § 1985 claims against it.

MBN also argues that Plaintiff's state-law claim of trespass is barred because he failed to comply with the Mississippi Tort Claims Act's ("MTCA") notice requirement. The MTCA codified the common-law sovereign immunity of Mississippi and its political subdivisions, MISS. CODE ANN. § 11-46-3(1), but it waived sovereign immunity "from claims for money damages arising out of torts of . . . governmental entities and the torts of their employees while acting within the course and scope of their employment . . . ." MISS. CODE ANN. § 11-46-5(1). The waiver is subject to numerous conditions, exceptions, and limitations. For example, the statute provides that "any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity." MISS. CODE ANN. § 11-46-11(1). The Mississippi Supreme Court "strictly applies the ninety-day notice requirement . . . ." *Gorton v. Rance*, 52 So. 3d 351, 358 (Miss. 2011). It "is a hard-edged, mandatory rule." *Id.*

4

It appears to be undisputed that Plaintiff did not provide notice to MBN as required by the MTCA. Therefore, his trespass claim against it is barred. The Court grants MBN's motion to dismiss the trespass claim.

### B. *Trisch Stafford – Motion for Judgment on the Pleadings [21]*

Plaintiff claims that Defendant Trisch Stafford, a nurse in the Stone County Jail, denied him adequate medical care, in violation of his constitutional rights. Stafford first argues that she enjoys qualified immunity from suit with respect to Plaintiff's constitutional claims against her in her individual capacity. When "a qualified immunity defense is asserted in an answer or a motion to dismiss, the district court must – as always – do no more than determine whether the plaintiff has filed a short and plain statement of his complaint, a statement that rests on more than conclusions alone." *Anderson v. Valdez*, 845 F.3d 500, 589-90 (5th Cir. 2016). This is not a heightened pleading standard, *id.* at 590, but the plaintiff must "plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015). In that respect, it is no different than the typical 12(b)(6) standard of review under *Iqbal*.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

*Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). "Although nominally a defense, the plaintiff has the burden to negate the defense once properly raised." *Poole v. Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012). There are two steps in the Court's analysis. First, the Court determines whether the defendant's "conduct violates an actual constitutional right." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Second, the Court must "consider whether [the defendant's] actions were objectively unreasonable in the light of clearly established law at the time of the conduct in question." *Id*. The Court may address either step first. *Pearson*, 555 U.S. at 236.

"[S]tate officials have a duty under the Fourteenth Amendment to provide involuntarily detained persons with 'basic human needs, including medical care.'" *Perniciaro v. Lea*, 901 F.3d 241, 255 (5th Cir. 2018) (quoting *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996)). "A pretrial detainee's right to medical care is violated if 'an officer acts with deliberate indifference to a substantial risk of serious medical harm and resulting injuries.'" *Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011) (quoting *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003)). Under this standard, the plaintiff must show that the official "acted with subjective deliberate indifference to [his] need for medical care." *Id*. "To show subjective deliberate indifference, [the plaintiff] must present evidence: (1) that [the defendant] had 'subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn;' (2) that [the defendant] 'actually drew that inference;'

6

and (3) that [defendant's] response to the risk indicates that he 'subjectively intended that harm to occur.'" *Id.* (quoting *Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009)).

Among other things, Stafford argues that Plaintiff did not allege sufficient facts to state a constitutional violation because he did not allege facts demonstrating that she acted with deliberate indifference to a substantial risk of serious medical harm. This is the only factual allegation in the Complaint that could reasonably be construed as referring to Stafford: "[A]n unknown nurse took little to no care to allow, receive and dispense Plaintiff Jones his prescribed antipsychotic drugs to treat the plaintiffs [sic] schizophrenia and bipolar leaving plaintiff intentionally to decompose to a worsen [sic] condition with actual pain in the brain of the plaintiff for (8) eight days or the length of the stay at the facility." Complaint at 5, *Jones v. Browning*, No. 2:19-CV-118-KS-MTP (S.D. Miss. Aug. 19, 2019), ECF No. 1.

These allegations do not demonstrate that Plaintiff was under any substantial risk of serious medical harm. At most, they demonstrate that Plaintiff was in some degree of pain, but he did not provide any details as to its severity. Moreover, Plaintiff did not plead any specific factual allegations demonstrating that Stafford "had subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn," that she "actually drew that inference," and that she "subjectively intended" for Plaintiff to suffer harm. *Brown*, 663 F.3d at 249. His conclusory allegation that she "intentionally" failed to provide him with his

7

medications is not sufficient. *Great Lakes Dredge & Dock*, 624 F.3d at 210. For these reasons, the Court grants Stafford's motion with respect to Plaintiff's constitutional claims against her in her individual capacity.

It is unclear whether Plaintiff intended to plead any claims against Stafford in her official capacity. Regardless, she argues that any such claims must be dismissed because, among other reasons, Plaintiff failed to allege any municipal policy or custom that was the moving force behind the alleged constitutional violations.

A suit against a municipal employee in her official capacity is essentially a suit against the municipality. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). The Fifth Circuit provided the following summary of the law concerning municipal liability under § 1983:

> A municipality is not liable under § 1983 on the theory of respondeat superior, but only for acts that are directly attributable to it through some official action or imprimatur. To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of the constitutional injury. The official policy itself must be unconstitutional or, if not, must have been adopted with deliberate indifference to the known or obvious fact that such constitutional violations would result.
>
> Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. A policy is official only when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy.
>
> Although an official policy can render a municipality culpable, there can

> be no municipal liability unless it is the moving force behind the constitutional violation. In other words, a plaintiff must show direct causation, i.e., that there was a direct causal link between the policy and the violation.
>
> A plaintiff must show that, where the official policy itself is not facially unconstitutional, it was adopted with deliberate indifference as to its known or obvious consequences. Deliberate indifference is a degree of culpability beyond mere negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight.

*James v. Harris County*, 577 F.3d 612, 617-18 (5th Cir. 2009) (punctuation and citations omitted).

Plaintiff alleged no facts indicating that a policy or custom of Stone County was the moving force behind Stafford's alleged actions and/or omissions. Therefore, he has not alleged sufficient facts to state a claim against Stafford in her official capacity. The Court grants her motion as to any constitutional claims against her in her official capacity.

## C. *Jefferson Davis County Sheriff's Department – Motion for Judgment on the Pleadings [23]*

First, the Jefferson Davis County Sheriff's Department ("JDCSD") argues that it is not a political subdivision amenable to suit. It is correct. In Mississippi, "sheriff's departments, jails, and prisons have no legal existence apart from the county in which they are located." *Shead v. Washington County Correctional Facility*, 2019 WL 2169179, at *1 (N.D. Miss. May 17, 2019). Therefore, they are not subject to suit under § 1983. *Id.*; *see also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *Cunningham v. Hinds County Sheriff's Dep't*, 2012 WL 5384642, at *2 (S.D. Miss.

9

Nov. 1, 2012). Therefore, Plaintiff's claims against JDCSD should be dismissed.

JDCSD also argues that, even if the Court construes the claims against it as claims against the county in which it is located, Plaintiff has not alleged sufficient facts to demonstrate that any county policy or custom was the moving force behind the alleged constitutional violations. JDCSD is correct. Plaintiff alleged no facts indicating that a policy or custom of Jefferson Davis County was the moving force behind any of the constitutional violations asserted in the Complaint. Therefore, he has not alleged sufficient facts to state a claim against Jefferson Davis County. The Court grants JDCSD's motion as to any constitutional claims against it.

## D. *Lamar County Sheriff's Department – Motion for Judgment on the Pleadings [25]*

First, the Lamar County Sheriff's Department ("LCSD") argues that it is not a political subdivision amenable to suit. For the same reasons provided above, the Court agrees. In Mississippi, "sheriff's departments, jails, and prisons have no legal existence apart from the county in which they are located," *Shead*, 2019 WL 2169179 at *1, and they are not subject to suit under § 1983. *Id.*; *Darby*, 939 F.2d at 313. Therefore, Plaintiff's claims against LCSD should be dismissed.

LCSD also argues that, even if the Court construes the claims against it as claims against the county in which it is located, Plaintiff has not alleged sufficient facts to demonstrate that any county policy or custom was the moving force behind the alleged constitutional violations. LCSD is correct. Plaintiff alleged no facts

10

indicating that a policy or custom of Lamar County was the moving force behind any of the constitutional violations asserted in the Complaint. Therefore, he has not alleged sufficient facts to state a claim against Lamar County. The Court grants LCSD's motion as to any constitutional claims against it.

### E. *Brookhaven Newsmedia, LLC – Motion to Dismiss [41]*

Brookhaven Newsmedia, LLC filed a motion to dismiss all claims against it, which concern allegedly defamatory statements published in The Prentiss Headlight, a newspaper it operates. Brookhaven Newsmedia argues that everything it reported was true, or substantially true, and that it is protected by the "fair reporting" privilege. In response, Plaintiff argues that he asserted five different causes of action against Brookhaven Newsmedia: libel, criminal libel, "malicious falsehood or injurious," abuse of process, and trespass. In reply, Brookhaven Newsmedia argues that, regardless of how Plaintiff characterizes his claims, his defamation-based claims fail for the reasons previously stated, and he has not pleaded sufficient facts to support the other purported claims.

First, there is no tort of "criminal libel" under Mississippi law. *Boydstun v. State*, 249 So. 2d 411, 413-14 (Miss. 1971). Therefore, the Court grants Brookhaven Newsmedia's motion as to any such claim asserted against it.

Second, Plaintiff did not plead sufficient facts to state a claim of abuse of process against Brookhaven Newsmedia. The elements of abuse of process are "(1) the party made an illegal use of the process, (2) the party had an ulterior motive, and

(3) damage resulted from the perverted use of the process." *Allred v. Moore & Peterson*, 117 F.3d 278, 284 (5th Cir. 1997). Plaintiff has not alleged that Brookhaven Newsmedia used any legal process, much less abused it. Therefore, the Court grants Brookhaven Newsmedia's motion as to Plaintiff's abuse of process claim.

Third, Plaintiff did not plead sufficient facts to state a claim of trespass against Brookhaven Newsmedia. "[A] civil trespass cause of action in Mississippi includes three elements: 1) an intrusion upon the land of another without license or other right for one's own purpose; 2) damage to the plaintiff as a result of physical invasion of the land; 3) credible evidence that the party charged is the party responsible for the tort." *McLaughlin v. Miss. Power Co.*, 2010 WL 3927632, at *3 (S.D. Miss. Oct. 4, 2010). Plaintiff has not alleged that Brookhaven Newsmedia trespassed on Plaintiff's land. Therefore, the Court must dismiss the civil trespass claim.

To the extent Plaintiff intended to plead a § 1983 claim against Brookhaven Newsmedia for the alleged trespass, private actors are generally not amenable to suit under § 1983. *See* 42 U.S.C. § 1983; *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). However, a private actor can be liable under § 1983 if "the private citizen was a willful participant in joint activity with the State or its agents." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). "The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id.* Plaintiff has not alleged that Brookhaven Newsmedia participated in any trespass of Plaintiff's land. Therefore,

12

the Court must dismiss any § 1983 claim against Brookhaven Newsmedia arising from an alleged trespass.

Finally, Plaintiff alleged that Brookhaven Newsmedia published defamatory statements about him in a local newspaper. Specifically, he alleges that Defendant published a report that he "was charged with possession of a controlled substance, three counts of trafficking a controlled substance with intent while in possession of a firearm and possession of a firearm by a convicted felon," while, in truth, he was actually only "charged with violation of 21 U.S.C. § 841(a)(1) possession with intent to distribute controlled substances." Complaint [1], at 2. Plaintiff attached a partial copy of the newspaper article to his Complaint. Exhibit 1 to Complaint at 3, *Jones v. Browning*, No. 2:19-CV-118-KS-MTP (S.D. Miss. Aug. 19, 2019), ECF No. 1-1. Defendant provided a complete transcript of the article's text, which the Court may consider because the Complaint refers to the article, and it is central to Plaintiff's claims. *Ironshore Europe DAC v. Schiff Hardin, LLP*, 012 F.3d 759, 763 (5th Cir. 2019).

Brookhaven Newsmedia argues that Plaintiff's defamation claim is barred because the disputed statement was true or substantially true. "Truth is an absolute defense to a defamation lawsuit in Mississippi." *Bond Pharmacy, Inc. v. Anazao Health Corp.*, 815 F. Supp. 2d 966, 973 (S.D. Miss. 2011). Moreover, "statements that are 'substantially true' are not defamatory in Mississippi." *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 490 (5th Cir. 2013). "[M]inor inaccuracies do not amount to

13

falsity so long as the substance, the gist, the sting, of the libelous charge be justified." *Id.* In other words, "the statement is not considered false, unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517, 111 S. Ct. 2419, 115 L. Ed. 2d 447 (1991); *see also Armistead v. Minor*, 815 So. 2d 1189, 1194 (Miss. 2002).

Brookhaven Newsmedia's statement that Plaintiff was charged with "possession of a controlled substance, three counts of trafficking a controlled substance with intent while in possession of a firearm, and possession of a firearm by a convicted felon" was substantially true. Exhibit A to Motion to Dismiss at 2, *Jones v. Browning*, No. 2:19-CV-118-KS-MTP (S.D. Miss. Oct. 21, 2019), ECF No. 41-1. Plaintiff admits that he was charged with possession of a controlled substance with intent to distribute. Moreover, Plaintiff does not deny that law enforcement officers executed a search warrant at the address referenced in the article; that they seized quantities of methamphetamine, marijuana, crack cocaine, powder cocaine, ecstasy, drug paraphernalia, cash, and a firearm; that he was arrested; or that, at the time of the article, he was in federal custody. *Compare* Exhibit A [41-1], *to* Complaint [1]. In fact, Plaintiff attached a copy of the officers' ledger of items seized during the execution of the search warrant, and it corroborates these facts. Exhibit 1 [1-1], at 2.

Therefore, the Court concludes that Defendant's addition of other charges to possession with intent to distribute would not alter the "effect on the mind of the

14

reader from that which the pleaded truth would have produced." *Masson*, 501 U.S. at 517. Accordingly, the disputed statement was substantially true, and Plaintiff's defamation claims against Brookhaven Newsmedia are barred. To be clear, this includes Plaintiff's claims of "Malicious Falsehood or Injurious" and libel. The Court grants Brookhaven Newsmedia, LLC's motion with respect to those claims.

### *F. Prentiss, Joseph Bullock, and Richard Browning – Motion for Judgment on the Pleadings [44]*

First, Defendants Bullock, Browning, and the town of Prentiss (the "Prentiss Defendants") argue that Plaintiff's Section 1983 claim of malicious prosecution must be dismissed. Defendants are correct that "malicious prosecution standing alone is no violation of the United States Constitution." *Castellano v. Fragozo*, 352 F.3d 939, 943 (5th Cir. 2003). Therefore, the Court grants their motion as to Plaintiff's § 1983 claim for malicious prosecution.

Next, the Prentiss Defendants argue that Plaintiff's claims of "malicious falsehood," libel, and criminal libel should be dismissed as to them because they appear to only concern actions committed by Brookhaven Newsmedia. To the extent Plaintiff intended to assert these claims against the Prentiss Defendants, the Court grants the motion. Plaintiff did not plead any facts as to the Prentiss Defendants related to the claims of "malicious falsehood," libel, and criminal libel.

Finally, the Prentiss Defendants argue that all of Plaintiff's state-law claims – slander, abuse of process, invasion of privacy, false imprisonment, and trespass –

15

must be dismissed, for a variety of reasons. First, they argue that Plaintiff's state-law claims are barred because Plaintiff failed to provide notice as required by the MTCA. The notice requirement does not apply to tort claims falling outside the scope of the MTCA. *Idom v. Natchez-Adams Sch. Dist.*, 115 F. Supp. 3d 792, 804 (S.D. Miss. 2015). Therefore, it does not apply to Plaintiff's slander claim.[1] The notice requirement does apply to Plaintiff's claims of abuse of process,[2] false imprisonment,[3] trespass,[4] and invasion of privacy.[5] It is undisputed that Plaintiff did not provide the requisite notice. Accordingly, the Court grants the Prentiss Defendants' motion to dismiss Plaintiff's claims of abuse of process, false imprisonment, trespass, and invasion of privacy.

As for the slander claim, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived sovereign immunity for any conduct of its employee if the employee's conduct constituted . . . slander . . . ." MISS. CODE ANN. § 11-46-5(2). Therefore, the City of Prentiss has not waived its sovereign immunity for any slander claim, and the Court grants the motion in that respect.

As for the slander claim against Defendant Joseph Bullock individually, Plaintiff has not pleaded any facts indicating that Bullock slandered him. In fact, the

---

[1] MISS. CODE ANN. § 11-46-5(2).
[2] *See, e.g. Burroughs v. City of Laurel, Miss.*, 2019 WL 4228438, at *3 (S.D. Miss. Sept. 5, 2019).
[3] *See, e.g. Crawford v. Desoto County Sheriff's Dept.*, 2020 WL 55611, at *6 (N.D. Miss. Jan. 6, 2020); *Deroche v. Hancock County, Miss.*, 2018 WL 5094051, at *2-*3 (S.D. Miss. Oct. 18, 2018).
[4] *See, e.g. Kilgo v. Tolar*, 2015 WL 3484533, at *6 (N.D. Miss. June 2, 2015).
[5] *Blackmon v. Carroll County Sheriff's Dept.*, 2006 WL 286783, at *4 (S.D. Miss. Feb. 3, 2006) (applying MTCA to invasion of privacy claim).

16

only facts alleged related to the slander claim refer to Defendant Browning. *See* Complaint [1], at 10. Therefore, the Court grants the motion as to Plaintiff's slander claim against Defendant Bullock.

The Prentiss Defendants also argue that Defendant Browning cannot be personally liable for the alleged slander because it occurred within the course and scope of his duties. The MTCA specifically provides that "an employee shall not be considered as acting within the course and scope of his employment . . . if the employee's conduct constituted . . . slander . . . ." MISS. CODE ANN. § 11-46-5(2). Therefore, this argument is unavailing.

The Prentiss Defendants also generally argue that Plaintiff did not allege sufficient facts to support each element of his claims, but they did not provide more specific argument on the elements of slander and the allegations concerning Defendant Browning. Therefore, the Court denies this aspect of the motion without prejudice to Defendant's right to raise it again with more specificity.

### IV. CONCLUSION

For the reasons above, the Court rules as follows:

- The Court **grants** the Motion to Dismiss [18] filed by the Mississippi Bureau of Narcotics;

- The Court **grants** the Motion for Judgment on the Pleadings [21] filed by Defendant Trisch Stafford;

- The Court **grants** the Motion for Judgment on the Pleadings [23] filed by the Jefferson Davis County Sheriff's Department;

- The Court **grants** the Motion for Judgment on the Pleadings [25]

17

filed by the Lamar County Sheriff's Department;

- The Court **grants** the Motion to Dismiss filed by Brookhaven Newsmedia, LLC [41]; and

- The Court **grants in part and denies in part** the Motion for Judgment on the Pleadings [44] filed by the Town of Prentiss, Mississippi, Joseph Bullock, and Richard Browning. The Court denies the motion as to Plaintiff's slander claim against Defendant Bullock individually, but the Court grants it in all other respects.

SO ORDERED AND ADJUDGED this 17th day of January, 2020.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE