# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

ERIC DE'JUAN JONES                                           PLAINTIFF

VERSUS                               CIVIL ACTION NO. 2:19-cv-118-KS-MTP

RICHARD BROWNING, *et al*.                                   DEFENDANTS

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Supplement and Amend Complaint [58] and Motion for Leave to File Supplemental and Amended Complaint [65]. The Court construes the Motion [65] as a request for leave to file an amended complaint and the Motion [58] as the proposed amended complaint. Having carefully considered the parties' submission and the applicable law, the Court finds that the Motions [65] and [58] should be denied.

Plaintiff filed this action on August 19, 2019 and alleged that law enforcement officers unlawfully entered his home in July 2019, arrested him, and seized his property. He believes this resulted in the violation of several of his constitutional rights. Plaintiff was briefly held in custody after the July 2019 arrest and he alleged that a nurse at the correctional facility failed to provide him adequate medical care. Finally, Plaintiff sued a local newspaper because it published information relating to the July 2019 search and arrest that Plaintiff asserted was offensive and defamatory. *See* Comp. [1].

The Court dismissed most of Plaintiff's claims on January 17, 2020. *See* Order [56]. There is only one remaining claim for slander against Defendant Richard Browning. *Id*. at 17. On January 24, 2020, Plaintiff filed the Motion to Supplement and Amend [58], which the Court

1

construes as a proposed amended complaint, and on February 3, 2020 Plaintiff filed the Motion for Leave to File Supplemental and Amended Complaint [65].

As Plaintiff must seek the Court's leave to amend, Federal Rule of Civil Procedure 15(a)(2) applies and states that the Court "should freely give leave when justice so requires." "However, it is by no means automatic." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). "[T]he decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court." *Id.* When considering the appropriateness of an amended pleading a court must review several factors including (1) undue delay, (2) bad faith on the part of the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) the futility of the amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Additionally, a plaintiff should not be allowed to amend when the amendment includes claims and defendants that are unrelated to the pending action. *See Verrette v. Webre*, 2009 WL 591070 (E.D. La. Mar. 5, 2009) (denying leave to amend when the proposed amendment was wholly unrelated to the facts of the original complaint); *see also Lewis v. Todd*, 2019 WL 7811238, at *2 (E.D. La. Nov. 20, 2019); *Albarado v. City of Abilene*, 2016 WL 1583772, at *6 (N.D. Tex. Mar. 18, 2016); *Dean v. Brandon*, 162 F.3d 1161, *1 (6th Cir. 1998) (holding that the district court did not abuse its discretion when it denied a motion to amend that was not related to the original claim).

The Motion [58] and accompanying Memorandum [59] total over 120 pages of disjointed legal and factual ramblings. The Court has attempted to decipher and distill Plaintiff's allegations, but the documents are difficult to untangle. Additionally, the amended complaint seeks to add unrelated claims and defendants.

For example, Plaintiff appears to name Christopher Epps, the former commissioner of the department of corrections, as a defendant and claims he conspired with unknown individuals to prolong Plaintiff's prison sentence in 2012 by 36 months.[1] Mot. [58] at 6. At another point, Plaintiff claims unknown individuals "rotate on a 24-hour schedule of talking in the dwelling audibly on rotation with an employed switch board operator of the like having unfettered discretion to curse, threaten death and terror upon the Plaintiff while watching and possibly recording, at minimum audio of sex with partners."[2] *Id.* at 11-12. Additionally, Plaintiff claims at least two unknown individuals published a blog post about him in 2008 and called him a hitman. *Id.* at 31. This post has apparently led to negative consequences for him and he believes that the City of Prentiss gave these unknown individuals authority to publish this blog.[3]

The Court finds that the proposed amendment presents new claims that are wholly unrelated to the claims that are before the Court. While Plaintiff has not acted with delay or attempted to repeatedly cure deficiencies in his pleading, allowing Plaintiff to continually add unrelated claims will prejudice the remaining Defendant's ability to defend himself. *Dean v. Brandon*, 162 F.3d 1161, *1 (6th Cir. 1998). The Court, therefore, finds that Plaintiff has not demonstrated good cause to amend his complaint.

Moreover, it also appears that Plaintiff has not satisfied Federal Rule of Civil Procedure

---

[1] Plaintiff also seeks to add an Assistant United States Attorney and an Assistant Attorney General in relation to this alleged conspiracy that kept him in prison.

[2] In addition to being difficult to understand, most of Plaintiff's allegations appear fantastical.

[3] It is difficult to identify every issue that Plaintiff raises in the proposed amendment. Throughout the pleading he challenges his prison sentence in 2012 and calls it involuntary servitude, at another point he brings up taxation issues, and at yet another point he challenges a civil asset forfeiture action in 2012. The majority of the document in no way relates to Plaintiff's original complaint.

20(a)(2) which permits joinder of multiple defendants in a single lawsuit only when (1) the plaintiff asserts a right to relief against each defendant relating to or "arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) a "question of law or fact common to all defendants will arise in the action." "A district court has discretion under Rule 20(a) to control the scope of a lawsuit by limiting the number of defendants a plaintiff may hail into court in a particular case." *Tuft v. Texas*, 397 F. App'x 59, 61 (2010) (citation omitted).

Plaintiff seeks to add parties that would not be properly joined under Rule 20(a)(2). They would be improper because the present lawsuit focuses on events that occurred in 2019, but Plaintiff's proposed amended complaint revolves around incidents in 2008 and 2012. If Plaintiff intends to pursue his claims against the unknown individuals who published an unflattering blog post about him in 2008 or against Christopher Epps regarding his 2012 prison sentence, Plaintiff should do so in a separate lawsuit where the complained of conduct arises out of the same transaction, occurrence, or series of transactions and occurrences. The proposed amendment is, therefore, improper under both Rule 15 and Rule 20 of the Federal Rules of Civil Procedure.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Supplement and Amend Complaint [58] and Motion for Leave to File Supplemental and Amended Complaint [65] are DENIED.

SO ORDERED, this the 18th day of February, 2020.

s/Michael T. Parker  
United States Magistrate Judge