IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ERIC DE'JUAN JONES**                                                          **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 2:19-CV-118-KS-MTP**

**RICHARD BROWNING,** *et al.*                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Defendant Browning's Renewed Motion for Judgment on the Pleadings [61]. Therefore, all Plaintiff's claims have been dismissed. The Court **denies** the pending Motion for Rule 54(b) Judgment [63] **as moot**, and this case is **closed.**

### I. BACKGROUND

Plaintiff, a pro se litigant, alleges that law enforcement officers executed a search warrant on his home in July 2019 and seized his property. He also alleges that he was arrested, charged with possession of a controlled substance with intent to distribute, and incarcerated after the search. His pleading is a jumble of disconnected factual allegations and legal jargon, but he apparently contends that the law enforcement Defendants violated numerous constitutional rights in their execution of the search and arrest. He also claims that a nurse at the correctional facility violated his constitutional rights by failing to provide him with adequate medical care. Finally, he asserted several claims against a local newspaper arising from its publication of allegedly defamatory statements about him.

Several Defendants filed motions to dismiss and/or motions for judgment on the pleadings, which the Court addressed in a prior order [56]. Specifically, the Court granted the Motion to Dismiss [18] filed by the Mississippi Bureau of Narcotics, the Motion for Judgment on the Pleadings [21] filed by Defendant Trisch Stafford, the Motion for Judgment on the Pleadings [23] filed by the Jefferson Davis County Sheriff's Department, the Motion for Judgment on the Pleadings [25] filed by the Lamar County Sheriff's Department, and the Motion to Dismiss [41] filed by Brookhaven Newsmedia, LLC. The Court granted in part and denied in part the Motion for Judgment on the Pleadings [44] filed by the Town of Prentiss, Joseph Bullock, and Richard Browning. Specifically, the Court denied the motion as to Plaintiff's slander claim against Defendant Richard Browning, but granted it in all other respects.[1]

The Court now considers Defendant Browning's Renewed Motion for Judgment on the Pleadings [60].

## II. STANDARD OF REVIEW

Motions for judgment on the pleadings under Rule 12(c) and motions to dismiss for failure to state a claim under Rule 12(b)(6) are subject to the same standard of review. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[1] The Court's opinion contained two typographical errors. In the first and last paragraphs of the opinion, the Court stated that the motion was denied as to Defendant Bullock, but it was clear from the Court's analysis in the body of the opinion that the motion was denied as to Defendant Browning.

2

plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. DISCUSSION

Defendant Browning argues that Plaintiff did not allege sufficient facts to state a claim for slander. In order to establish a claim of defamation, a plaintiff must prove the following elements:

> (1) a false and defamatory statement was made concerning the plaintiff; (2) there was an unprivileged publication to a third party; (3) the publisher was negligent in publishing the defamatory statement; (4) the plaintiff suffered damages resulting from publication of the defamatory statement.

*Mitchell v. Random House, Inc.*, 703 F. Supp. 1250, 1255 (S.D. Miss. 1988). A defamatory statement is "any written or printed language which tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade

3

him in society, lessen him in public esteem or lower him in the confidence of the community." *Armistead v. Minor*, 815 So. 2d 1189, 1194 (Miss. 2002). "[T]he statement must have clearly been directed toward the plaintiff, and the defamation must be clear and unmistakable from the words themselves and not the product of innuendo, speculation, or conjecture." *Id.* (punctuation omitted).

"The threshold question in a defamation suit is whether the published statements are false." *Id.* "Truth is a complete defense" to a defamation claim. *Id.* The statements at issue must only be "substantially true." *Id.* "[M]inor inaccuracies do not amount to falsity so long as the substance, the gist, the sting of the [defamatory] charge be justified. Put another way, the statement is not considered false, unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Id.* The Mississippi Supreme Court has contrasted falsity in "substance" with mere disputes over "editorial form" or "wording." *Id.* at 1194-96. A plaintiff may not rely on his own denials to serve as proof that the statements at issue are false. *Id.* at 1194. Moreover, "[i]n Mississippi, a complaint alleging defamation must set forth the statements, paraphrased or verbatim, that constituted the defamation." *Cooper v. Paragon Sys., Inc.*, No. 5:08-CV-169-DCB-JMR, 2008 U.S. Dist. LEXIS 67761, at *8 (S.D. Miss. Sept. 5, 2008) (citing multiple cases).

Plaintiff alleges:

Defendant Richard Browning on or about July 27, 2019, did defame and injure by maliciously uttering a false report at a.) Uttering to L.B. after

4

> the search that the Plaintiff was 'gay' and b.) Uttering a false light of charged crimes to the Defendant The Prentiss Headlight of 5 high level offense which false tales was maliciously told or propagated.

Complaint at 10, *Jones v. Browning*, No. 2:19-CV-118-KS-MTP (S.D. Miss. Aug. 19, 2019), ECF No. 1. Therefore, Plaintiff apparently contends that Browning defamed him by 1) stating that Plaintiff was gay, and 2) telling a local newspaper that Plaintiff was charged with five crimes.

With respect to the first statement, Defendant correctly notes that Plaintiff has not alleged that it was false. In other words, Plaintiff has not alleged that he is not gay. Moreover, Plaintiff has not alleged that he suffered any damages because of the alleged statement.

As for the second Statement, Defendant argues that the alleged statement regarding Plaintiff's charges was either true or substantially true. Plaintiff alleges that Defendant told the newspaper that he "was charged with possession of a controlled substance, three counts of trafficking a controlled substance with intent while in possession of a firearm and possession of a firearm by a convicted felon," while, in truth, he was actually only "charged with violation of 21 U.S.C. § 841(a)(1) possession with intent to distribute controlled substances." Complaint [1], at 2. Plaintiff attached a partial copy of the newspaper article to his Complaint. Exhibit 1 to Complaint at 3, *Jones v. Browning*, No. 2:19-CV-118-KS-MTP (S.D. Miss. Aug. 19, 2019), ECF No. 1-1. Defendant provided a complete transcript of the article's text, which the Court may consider because the Complaint refers to the article, and it is

5

central to Plaintiff's claims. *Ironshore Europe DAC v. Schiff Hardin, LLP*, 012 F.3d 759, 763 (5th Cir. 2019).

As noted above, "[t]ruth is an absolute defense to a defamation lawsuit in Mississippi." *Bond Pharmacy, Inc. v. Anazao Health Corp.*, 815 F. Supp. 2d 966, 973 (S.D. Miss. 2011). Moreover, "statements that are 'substantially true' are not defamatory in Mississippi." *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 490 (5th Cir. 2013). "[T]he statement is not considered false, unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517, 111 S. Ct. 2419, 115 L. Ed. 2d 447 (1991).

Defendant's alleged statement concerning Plaintiff's charges was substantially true. Plaintiff admits that he was charged with possession of a controlled substance with intent to distribute. Moreover, Plaintiff does not deny that law enforcement officers executed a search warrant at the address referenced in the article; that they seized quantities of methamphetamine, marijuana, crack cocaine, powder cocaine, ecstasy, drug paraphernalia, cash, and a firearm; that he was arrested; or that, at the time of the article, he was in federal custody. *Compare* Exhibit A [41-1], *to* Complaint [1]. In fact, Plaintiff attached a copy of the officers' ledger of items seized during the execution of the search warrant, and it corroborates these facts. Exhibit 1 [1-1], at 2.

Therefore, the Court concludes that Defendant's alleged addition of other charges to possession with intent to distribute would not alter the "effect on the mind

of the [hearer] from that which the pleaded truth would have produced." *Masson*, 501 U.S. at 517. Accordingly, the disputed statement was substantially true, and Plaintiff's defamation claim against Browning is barred.

### IV. CONCLUSION

For the reasons below, the Court **grants** Defendant Browning's Renewed Motion for Judgment on the Pleadings [61]. Therefore, all Plaintiff's claims have been dismissed. The Court **denies** the pending Motion for Rule 54(b) Judgment [63] **as moot**, and this case is **closed.**

SO ORDERED AND ADJUDGED this 2nd day of March, 2020.

       /s/     Keith Starrett
       KEITH STARRETT
UNITED STATES DISTRICT JUDGE

7